UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 18-20343
Hon. Denise Page Hood

TASHA HARRIS,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S
PETITION FOR REVIEW OF DETENTION [#14]**

**I.    Introduction and Factual Background**

On May 8, 2018, Defendant was charged in a five-count Indictment, including four counts of Armed Robbery, in violation of 18 U.S.C § 1951 (the Hobbs Act), and one count of Obstruction of Justice, in violation of 18 U.S.C § 1512(b)(2), Obstruction of Justice. The Government alleges that Defendant participated in four robberies between December 2017 and April 2018. The Government also alleges that Defendant, while being detained in jail on the robbery charges, attempted to obstruct justice by deleting inculpatory evidence from her iPhone.

On May 9, 2018, Defendant made her initial appearance and was temporarily detained. On May 11, 2018, a detention hearing was held before

1

Magistrate Judge Anthony Patti, who concluded that there was clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community. The Magistrate Judge did not make a finding that Defendant was a risk of flight, but he did find that "the monetary proceeds of the robberies (approximately $18,000.00 in cash) have not been recovered and thus defendant is presumed to have the means necessary to flee."

Defendant has filed a Petition for Review of Detention ("Petition"). She cites her lack of violent criminal history, notes that no one was hurt during any of the crimes she allegedly committed, and claims that she was arrested peaceably and chose not to run. She has expressed a willingness to be released to the third-party custody of her mother (who has not been interviewed by Pretrial Services) and to accept home confinement with GPS monitoring (except that she should be allowed out of the house for doctor visits, attorney visits, court dates and to attend church with her mother twice a week). Defendant contends, "[she] does not pose a threat to the community or a risk of flight . . . will abide by all pretrial release conditions imposed and will appear at all court proceedings." Although neither the Government nor Pretrial Services considers Defendant a flight risk, they both contend that Defendant poses a risk of danger to the community.

For the reasons that follow, the Court denies Defendant's Petition and continues detention.

## II. Applicable Law

The Bail Reform Act, 18 U.S.C. § 3142, ordinarily requires a Defendant's release pending trial unless the judicial officer finds there are no conditions that will reasonably assure the safety of the community and the appearance of the Defendant at future court proceedings. *See* 18 U.S.C § 3142(e). The court may order detention of the Defendant if it finds that no set of conditions, or combination of conditions, will reasonably assure the Defendant's appearance and the safety of the community. *See* 18 U.S.C § 3142(f). Factors to be considered by the district court in making this determination include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person;[1] (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release (i.e., "the Section 3142(g) factors").

The Bail Reform Act's default rule of release pending trial is reversed, and detention is presumed, for certain particularly dangerous defendants. 18 U.S.C. §

---

[1] In the Sixth Circuit, the weight of the evidence "goes to the weight of the evidence of dangerousness and risk of flight, not the weight of the evidence of the defendant's guilt." *See United States v. Watson*, 2010 WL 3272034, at *4 (E.D. Mich. 2010) (citing *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010)).

3

3142(e)(3); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). If a defendant is charged with a crime of violence or a drug trafficking offense, it is presumed by the statute that no condition or combination of conditions will assure the appearance of the defendant or the safety of the community. 18 U.S.C. § 3142(e)(3). This presumption imposes a burden of production on the defendant to offer at least some evidence that he does not pose a danger to the community or risk of flight. *Stone*, 608 F.3d at 945.

Even if a defendant satisfies that burden of production, the district court must still give some weight to the presumption of detention because it reflects Congress's judgment that "particular classes of offenders should ordinarily be detained prior to trial." *Id.*; *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) ("[T]he presumption of dangerousness . . . represents Congressional findings that certain offenders . . . are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions."). If the presumption in favor of detention simply vanished upon rebuttal, "courts would be giving too little deference to Congress' findings regarding this class" of defendants. *United States v. Lattner*, 23 F. App'x 363, 364 (6th Cir. 2001) (quoting *United States v. Martir*, 782 F.2d 1141, 1144 (2d Cir. 1986)).

**III. Analysis**

The district court's review of a magistrate judge's order of detention is *de novo*, and the Court must determine independently whether detention is proper. *See, e.g., United States v. Montgomery*, 2010 WL 1052339, at *1 (E.D. Mich. 2010).

Defendant has been indicted for committing – or attempting to commit – four armed robberies at Cash Advance locations (Cash Advance was her former employer), in violation of the Hobbs Act, 18 U.S.C. 1951(a). A robbery within the Hobbs Act "is a crime of violence." *See United States v. Gooch*, 850 F.3d 285, 290 (6th Cir. 2017). This is a serious crime that "by definition … involves a substantial risk that physical force may be used against the person or property of another." *United States v. Elder*, 88 F. 3d 127, 129 (2d Cir.1996).

Based on the fact that a grand jury has determined that probable cause exists that Defendant committed those crimes, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and safety of the community." 18 U.S.C. § 3142(e)(3)(a) and (b); *Stone*, 608 F.3d at 945 ("A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged. Thus, when the government presents an indictment including charges listed in section 3142(e), it has fulfilled its burden to establish the presumption in favor of detention.") (citations omitted). In other words, the burden is on Defendant to

demonstrate that she should be released on bond. Notwithstanding her burden, Defendant's argument is limited, and she does not cite any case law to support a release from detention based on the facts present in this matter.

**A.    Nature and Circumstances of the Offense**

Defendant allegedly used force and intimidation to rob Advance America locations of nearly $18,000. Defendant allegedly displayed a firearm -- or implied that she had one that she would use if the employees did not comply with her demands. Defendant allegedly forced her victims either outside in cold winter or into a bathroom, circumstances that suggest that the victim complied with Defendant's threats and demands for fear of her/his life. This factor strongly favors detention pending trial, as evidenced by the statutory presumption of detention.

**B.    Defendant's History/Residence/Family Ties**

Defendant is 25 years old, a lifetime resident of Eastern District of Michigan, and has no children. Defendant has a history of employment, but when she interviewed with Pretrial Services, she did not reveal her employment by Advance America. Defendant contends that there are bond conditions that will assure the safety of the community and her future court appearances, including being tethered and living with and being subject to the third-party custody of her mother, Rhonda Glover (described as an executive director of an African-

American youth program who can work from home most of the time). Ms. Glover attended the hearing, but the Court did not require her to be interviewed by Pretrial Services with respect to her capacity to act as a third-party custodian for Defendant. The decision not to require Ms. Glover to interview with Pretrial Services is not a reflection of Ms. Glover or her ability to act as a third-party custodian; rather, it was because Defendant's detention was being continued and there was no need for such an interview.

The Government and Pretrial Services oppose the release of Defendant to her mother's custody on personal bond. The Government argues that Defendant's family knew Defendant was wanted in connection with the Cash Advance robberies once the media reports with her picture were published, yet they did not advise law enforcement. The Government suggests that Defendant's family should not be expected to report any violations of bond conditions that could occur.

**C. Criminal History**

According to the Pretrial Services report, Defendant was arrested in 2010 in Taylor, Michigan and charged with an ordinance violation for Larceny under $100. She was ordered to complete a term of community service with respect to that charge. Defendant was arrested July 28, 2016 in Farmington, Michigan and charged with Misdemeanor Damage to Property. Defendant claims that matter was resolved with a fine, but Pretrial Services indicates that it has not been able to

7

verify the disposition of that matter. Defendant also acknowledges taking $500 from Cash Advance in October 2017 (keeping half of it and giving half to another former employee), while she was employed by Cash Advance. Her acknowledgement indicates that she considered the funds she took to be a "loan," but she left that employment because the loan did not adhere to Advance America's protocol for loans. Defendant had not repaid that amount when she ceased working for Advance America and she never has repaid it.

**D.    Flight Risk**

It is undisputed that Mrs. Harris has strong ties to the Detroit area, and she did not leave the area during the month after which she became aware that media reports of her alleged crimes (including pictures of her) had been published. Pretrial Services does not identify Defendant as a flight risk, and there does not appear to be a serious concern regarding risk of flight or non-appearance. The Court concludes that Defendant is not a flight risk.

**E.    Danger to the Community**

Defendant argues that she is not a danger to the community. She contends she has no history of violence and that she chose not to flee prior to her arrest. Pretrial Services and the Government believe Defendant to be a danger to the community, such that there are no conditions – or combination of conditions – of release that will ensure the safety of the community. Like the Magistrate Judge,

Pretrial Services and the Government cite Defendant's alleged conduct that serves as the basis for the current charges against her – namely the three armed robberies and the attempt of a fourth – over the course of less than five months. The armed robberies caused numerous people to be in fear of their lives and created dangerous situations even if Defendant did not intend to use the firearm she displayed and/or threatened to use. Those armed robberies resulted in a presumption that Defendant should be detained. Neither the firearm used nor the stolen $18,000 have been accounted for.

Defendant also allegedly has obstructed justice by attempting to destroy evidence while in jail, which suggests that she would take other illegal actions if released. It is alleged that Defendant contacted her sister for the purpose of removing information from Defendant's phone, including social media posts and applications, by providing her sister with Defendant's login and password information.

If the only allegations against Defendant involved the armed robberies, it is possible that there might be conditions or a combination of conditions that could reasonably assure the safety of the community. But, those allegations, coupled with the obstruction of justice allegations against Defendant, cause the Court to determine that there can be no reasonable assurance that being tethered and subject to home confinement under the third-party custody of her mother will prevent

future danger to the community. The Court finds that Defendant has not met her burden of demonstrating that she should be released on bond.

## IV. Conclusion

For the reasons stated above, the Court finds that Defendant has not rebutted the presumption that she is a danger to the community based on the alleged conduct in the Indictment, including the armed robberies and the attempt to destroy evidence while in jail. After a consideration of the § 3142(g) factors, the Court: (1) concludes there are no conditions or combination of conditions that will reasonably assure the safety of the community; (2) DENIES Defendant's Petition for Review of Detention [#14]; and (3) continues Defendant's detention pending trial.

Accordingly,

IT IS ORDERED that Defendant's Petition for Review of Detention [#14] is DENIED, and Defendant's detention pending trial shall continue.

IT IS ORDERED.

                                              s/Denise Page Hood
                                              Chief Judge, U. S. District Court

Dated: July 3, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 3, 2018, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager