UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                              Case No. 18-20343
                                              HON. DENISE PAGE HOOD

TASHA HARRIS,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S EMERGENCY
MOTION FOR MODIFICATION OF SENTENCE [ECF No. 34]**

**I.    Introduction**

On or about April 17, 2020, Defendant Tasha Harris filed an Emergency Motion for Modification of Sentence, requesting that the Court order her early release from prison and institute home confinement [ECF No. 34] due to the COVID-19 pandemic. The Court interprets and will consider Defendant's motion as one for compassionate release pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c). The Government timely filed a response in opposition to the Motion. The Government appropriately filed a supplemental brief on June 2, 2020, immediately after the Sixth Circuit Court of Appeals rendered its decision in *United States v. Waseem Alam*, Case No. 20-1298 (6th Cir. June 2, 2020). Defendant submitted a

1

reply to the Court dated June 17, 2020 (consisting of 15 pages and 3 pages of exhibits), although it has not yet been entered on the docket.

## II. Background

Defendant is a former of employee of Advance America. Between December 19, 2017 and April 4, 2018, Defendant robbed three Advance America locations. On each of those occasions, she displayed or indicated that she had a firearm (once displaying the firearm inside a lunch bag, once placing her hand inside her yellow purse and implying that she had a firearm, and once taking a bullet out of her purse and telling the employee she had a gun with nine more bullets in it). In each of those instances, the sole employee working at the time of the robbery: (a) complied with Defendant's demands out of fear for her life; (b) was moved about or out of the store by Defendant under the threat of the firearm; and (c) was left locked in a bathroom (twice) or outside the back door of the store in winter (once).

On April 12, 2018, Defendant attempted a fourth robbery of an Advance America store. She placed a bullet on the counter and told the employee "listen, we're going to the back." This time, the employee refused, and Defendant was seen on surveillance cameras leaving the store. After the surveillance videos were made public, law enforcement received many tips identifying Defendant as the perpetrator, and she was arrested.

On May 11, 2018, Defendant was ordered detained by Magistrate Judge Anthony Patti following a detention hearing. The day after her arrest by the FBI, Defendant tried to destroy evidence related to her crimes. Defendant gave her login ID and password to her sister and then directed her sister to remotely erase Defendant's iPhone, including by logging out of Defendant's social media accounts. Defendant's sister agreed. Despite Defendant's efforts to scrub her device, law enforcement recovered damaging information from Defendant's iPhone. Defendant was indicted by a federal grand jury on four counts of interference with commerce by robbery and one count of obstruction of justice, in violation of Title 18, United States Code, Sections 1951(a) and 1512(b)(2).

On October 17, 2018, Defendant entered guilty pleas on all counts pursuant to a Rule 11 Agreement. Her guideline range was 108-135 months. Defendant received a below guideline sentence of 60 months. Defendant began serving her prison sentence on April 23, 2019, and she is currently incarcerated at Alderson FPC. Her projected release date is August 12, 2022.

Defendant is 26 years old. Defendant represents that she had a heart attack on February 14, 2019, and as a result, has a heart murmur and blockage. According to the Government and the prison records it has provided, Defendant experienced a spasm in her coronary artery in February 2019. The Government states that

Defendant received a cardiac catheterization on February 20, 2019, and her results were normal. (Citing Sealed Medical Records). Those records show that Defendant was prescribed medication and discharged. Defendant was examined by doctors on November 4, 2019, and those doctors determined that her cardiomediastinal silhouette and heart size were normal, as the outline of Defendant's heart on frontal and lateral chest radiographs were both unremarkable. Those records reflect that Defendant had no acute cardiopulmonary disease. (Citing Sealed Medical Records).

Defendant has moved for compassionate release, citing her medical condition and the COVID-19 pandemic. Defendant petitioned the warden for compassionate release on May 27, 2020 – over one month after she motioned this Court for relief. According to the pages attached to Defendant's reply, the warden denied her request for compassionate release in a letter dated June 4, 2020.

**III.   Analysis**

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). A court also must weigh the sentencing factors set forth in 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts

must comply. 18 U.S.C. § 3582(c)(1)(A).

Section 1B1.13 of the Sentencing Guidelines states that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and limits compassionate release to a narrow group of defendants who satisfy at least one of four categories of "extraordinary and compelling reasons." Those four categories are based upon: (1) the inmate's medical condition; (2) the inmate's age; (3) the inmate's family circumstances; and (4) other reasons "[a]s determined by the Director of the Bureau of Prisons," which the Bureau of Prisons has set forth in Program Statement 5050.50.[1] U.S.S.G. § 1B1.13 cmt. n.1. *See also United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements).

"Extraordinary" is defined as "exceptional to a very marked extent." Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Id.* A court in the Eastern District of Michigan has described the requirements of "'extraordinary' as beyond what is usual, customary, regular, or common," and "'compelling reason'

---

[1] The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019). *See also* 18 U.S.C. § 3582(c)(1)(A).

as one so great that irreprovable harm or injustice would result if the relief is not granted." *See Sapp*, 2020 WL 515935, at *3 (citations removed). And, as the Tenth Circuit recently explained, a district court "lack[s] jurisdiction" to grant compassionate release when a defendant's circumstances do not fall within those categories. *Saldana*, 2020 WL 1486892, at *3.

In *United States v. Waseem Alam*, the Sixth Circuit Court of Appeals affirmed the district court's dismissal of the defendant's motion for compassionate release. Defendant Alam sent a letter to the warden on March 25, 2020 requesting compassionate release. He did not wait for a response. Instead, Alam filed a motion for emergency relief in district court. The district court dismissed his motion because Alam failed to comply with the compassionate-release statute's administrative exhaustion requirement, 18 U.S.C. § 3582(c)(1)(A). The Court Appeals affirmed the district court's decision because Alam waited just 10 days after the warden's receipt of his request to file his motion in federal court, not the required 30 days.

In its analysis, the Sixth Circuit held that exhaustion is a mandatory condition:

> Alam asks us to overlook [his failure to exhaust] by finding the requirement non-mandatory or by fashioning an exception of our own. But because this exhaustion requirement serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no exception for some compassionate-release requests over others), we must enforce it.

In other words, a district court cannot excuse a defendant's failure to satisfy the 30

day requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

The Court finds that Defendant has failed to exhaust her remedies. Although she sent the instant motion to the Court on or about April 16, 2020, Defendant has not alleged or presented evidence that she exhausted his administrative appeals within the BOP or that she waited thirty days after submitting a compassionate release request to the warden of her detainment facility. 18 U.S.C. § 3582(c)(1)(A). The Government states that Defendant did not request compassionate release from BOP until May 27, 2020, and it was denied on June 4, 2020. Accordingly, the instant motion could not have been filed more than 30 days after her request to the BOP or the exhaustion of her administrative remedies. The plain text of 18 U.S.C. § 3582(c)(1)(A) states that Defendant must either exhaust all administrative appeals or wait thirty days; Defendant has done neither. *Alam, supra*. *See also Grand Trunk W. R.R. Co. v. U.S. Dep't of Labor*, 875 F.3d 821, 824 (6th Cir. 2017) (quoting *King v. Burwell*, 135 S.Ct. 2480, 2489 (2015)) ("If the statutory language is plain, we must enforce it according to its terms."). As Defendant has not satisfied Section 3582(c)(1)(A)'s mandatory exhaustion requirement, her claim is not ripe. For the reasons set forth above, the Court denies without prejudice Defendant's Emergency Motion for Modification of Sentence.

The Court also denies the Motion on the merits. For purposes of the Court's

analysis regarding danger to the community and the Section 3553(a) factors, the Court will assume that Defendant has satisfied (or could satisfy) the exhaustion requirement and that she could establish an "extraordinary and compelling reason" for release due to her health conditions.[2] Even making those assumptions, however, the Court finds that Defendant's conduct with respect to the underlying offenses make her a danger to the community, a finding that precludes releasing Defendant pursuant to USSG § 1B1.13(2).

The Court has reviewed and considered Defendant's contentions that she has been a model inmate, worked hard, taken productive classes, and participated in the cosmetology program while incarcerated. The Court has considered Defendant's assertion that she was immature prior to her conviction and, as a result, she made bad decisions that were not in her (or others') best interests. She states that her actions were a cry for help, she is no longer a danger to society, and her past mistakes will not be repeated. Defendant insists that she is housed in a minimum risk facility and her custodial classification shows that she is not a risk of harm to others.

Notwithstanding Defendant's arguments, the Court cannot ignore the fact that

---

[2] The Court does not need to, and does not, make a finding regarding Defendant's health and susceptibility to Covid-19. The Court notes that Defendant's motion consists of only three pages of argument, and her reply is 15 pages. The motion and the first 12 pages of the reply are dedicated to arguments regarding Covid-19 and her health. The last three pages of the reply are dedicated to Defendant's personal and criminal history and characteristics, including argument regarding danger to the community.

– only 26 to 30 months ago – Defendant robbed or attempted to rob four different establishments by brandishing a firearm or otherwise threatening the store's sole employee with a firearm. At least three of the four Advance America employees who were robbed stated that they felt compelled to comply with Defendant's demands because they were in fear for their lives. For the same reasons, and because Defendant attempted to obstruct justice by asking her sister to destroy evidence, the Court's consideration of the Section 3553(a) factors (a requirement for purposes of assessing a motion filed pursuant to Section 3582(c)(1)(A)) does not support releasing Defendant. For those reasons, the Court concludes that it cannot discount the risk of danger to the community posed by Defendant and will not grant Defendant a compassionate release due to the COVID-19 pandemic.

Defendant's Motion is denied.

## IV. Conclusion

Accordingly,

IT IS ORDERED that Defendant's Emergency Motion for Modification of Sentence [ECF No. 34] is DENIED.

IT IS ORDERED.

s/Denise Page Hood<br>United States District Judge

Dated: July 27, 2020